# EXHIBIT A

AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
### for the
### Northern District of California

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>An Apple iPhone Model A1661, FCC ID BCG-E3087A,<br>IC: 579C-E3087A, cellular phone with a gold back<br>and white front, | )<br>)<br>)<br>)<br>)<br>) |

Case No.  4 - 17 - 7 1 6 5 4   KAW

OAKLAND  VENUE

## SEARCH AND SEIZURE WARRANT

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Northern_____ District of _____California_____
*(Identify the person or describe the property to be searched and give its location):*

As set forth in Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized):*

Evidence of a crime; contraband, fruits of crime, or other items illegally possessed; and/or property designated for use, intended for use, or used in committing a crime, in violation of, inter alia, 18 U.S.C. § 922(g)(1) - Felon in Possession of Firearm and/or Ammunition, and as set forth in Attachments B and C.

YOU ARE COMMANDED to execute this warrant on or before ___12/27/17___ (not to exceed 14 days)
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   · Hon. Kandis A. Westmore, U.S. Magistrate Judge  .
                                                                                      *(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____

Date and time issued:  12/13/17  9:56 a.m.           *Kandis Westmore*
                                                                                      *Judge's signature*

City and state:    Oakland, CA                    Hon.  Kandis A. Westmore, U.S. Magistrate Judge
                                                                              *Printed name and title*

CONERLY-000169

# EXHIBIT B

## ALVAREZ, BETH F. (SF) (FBI)

| | |
|---|---|
| **From:** | ALVAREZ, BETH F. (SF) (FBI) |
| **Sent:** | Wednesday, December 13, 2017 2:14 PM |
| **To:** | KWOK, SHERMAN (SF) (FBI) |
| **Subject:** | RE: iPhone 7 Plus --- UNCLASSIFIED |
| | |
| **SentinelCaseId:** | NON-RECORD |

Classification: UNCLASSIFIED
========================================================

Thanks!!

---

**From:** KWOK, SHERMAN (SF) (FBI)
**Sent:** Wednesday, December 13, 2017 2:13 PM
**To:** ALVAREZ, BETH F. (SF) (FBI) <BFALVAREZ@fbi.sgov.gov>
**Subject:** RE: iPhone 7 Plus --- UNCLASSIFIED

Classification: UNCLASSIFIED
========================================================

Yup, the MDUS is the right thing to do.  Our Cellebrite software wont unlock that phone but CART HQ may.  They will let
you know when a solution is available.

---

**From:** ALVAREZ, BETH F. (SF) (FBI)
**Sent:** Wednesday, December 13, 2017 12:52 PM
**To:** KWOK, SHERMAN (SF) (FBI) <SKWOK2@fbi.sgov.gov>
**Subject:** FW: iPhone 7 Plus --- UNCLASSIFIED

Classification: UNCLASSIFIED
========================================================

I went on the CART Intranet and completed a Mobile Device Unlock Service Request but it is asking for a CARTDB/DEMS
ID and I'm not sure what that is. Thanks!

It's IOS 10.3.2.

---

**From:** ALVAREZ, BETH F. (SF) (FBI)
**Sent:** Wednesday, December 13, 2017 11:23 AM
**To:** KWOK, SHERMAN (SF) (FBI) <SKWOK2@fbi.sgov.gov>
**Subject:** iPhone 7 Plus --- UNCLASSIFIED

Classification: UNCLASSIFIED
========================================================

1

CONERLY-000515

Hi Sherman,

I got a warrant for an iPhone Model A1661 (7 Plus) which is password-protected. Is there anything that can be done to search it? I read the document on the RCFL Intranet site but it says it was last updated in 2015 and I have heard that Cellebrite is able to work on some later iPhone models.

Thanks,
Beth
=======================================================
Classification: UNCLASSIFIED

=======================================================
Classification: UNCLASSIFIED

=======================================================
Classification: UNCLASSIFIED

=======================================================
Classification: UNCLASSIFIED

2

CONERLY-000516

# EXHIBIT C

## ALVAREZ, BETH F. (SF) (FBI)

**From:** EDAU
**Sent:** Wednesday, December 13, 2017 1:42 PM
**To:** ALVAREZ, BETH F. (SF) (FBI)
**Cc:** EDAU
**Subject:** CART DB Mobile Device Unlock Service Request 2259 Submitted Apple A1661 - iPhone 7 Plus 10.3.2

Classification: UNCLASSIFIED
=========================================================

Mobile Device Unlock Service Request
Request Number: 2259
Submitted: SA Beth Alvarez
Point of Contact: BETH ALVAREZ
UCFN: 4-SF-2749627-1B23
Sentinel 1B Item Number: 23
Evidence Barcode Number: E5293876
Device Manufacturer: Apple
Model: A1661 - iPhone 7 Plus
Operating System: 10.3.2
Serial Number or IMEI: IMEI: 356694082193038
Legal Authority: Search Warrant
Submitting Category: FBI
Importance to Investigation: Medium
Created By: 12/13/2017
http://CART.FBINET.FBI/index.cfm?Action=Mobile.PrintMobileRequestForm&MobileInputID=2259

Please do not submit your device until you are contacted by someone from the Mobile Device Unlock Service Team.


Thank you!

=========================================================
Classification: UNCLASSIFIED

1

CONERLY-000514

# EXHIBIT D

phone before we get an actual trial date? I am attaching my Mobile Device Unlock Request since it has been a while since we talked about this. Thank you very much.

<< File: MobileDeviceUnlockServiceRequestSubmitted.PNG >>

**From:** THOMAS, CURTIS J. (OTD) (FBI)
**Sent:** Wednesday, January 03, 2018 12:08 PM
**To:** ALVAREZ, BETH F. (SF) (FBI) <BFALVAREZ@fbi.sgov.gov>
**Subject:** RE: One more question --- UNCLASSIFIED

Classification: UNCLASSIFIED
=======================================================

That's up to your local AUSA. Most of the time, we are able to consider the initial triage of the device that determined it was locked and/or the process to determine the iOS version and serial numbers as the start of the search, and, so as long as the warrant doesn't specifically say you have to be finished by a certain date, most jurisdictions are okay with that. Unfortunately, California and the Ninth Circuit aren't most jurisdictions. You should definitely run it by the AUSA who will be introducing this evidence or some other OGC person in your office. If you need us to coordinate with you to get this started or looked at in a specific window, we can work with you on it.

Curtis Thomas
Electronic Device Analysis Unit
Operational Technology Division
Desk: 703-985-1182
S5: 202-409-2594

For Mobile Device Questions Email: **HQ-DIV18-MOBILE-FORENSICS-HELP**

**From:** ALVAREZ, BETH F. (SF) (FBI)
**Sent:** Wednesday, January 03, 2018 12:52 PM
**To:** THOMAS, CURTIS J. (OTD) (FBI) <CTHOMAS@fbi.sgov.gov>
**Subject:** One more question --- UNCLASSIFIED

Classification: UNCLASSIFIED
=======================================================

Hi Curtis, thanks for taking the time to talk to me this morning regarding my Mobile Device Unlock Request. After we hung up I thought of another question – I imagine I will need to get an updated warrant for this iPhone since the one I have now was only good for two weeks. Is that right? Thanks, Beth
=======================================================
Classification: UNCLASSIFIED

=======================================================
Classification: UNCLASSIFIED

=======================================================
Classification: UNCLASSIFIED

2

# EXHIBIT E

**ALVAREZ, BETH F. (SF) (FBI)**

| | |
|---|---|
| **From:** | ALVAREZ, BETH F. (SF) (FBI) |
| **Sent:** | Tuesday, February 06, 2018 9:17 AM |
| **To:** | THOMAS, CURTIS J. (OTD) (FBI) |
| **Subject:** | RE: One more question --- UNCLASSIFIED |

**SentinelCaseId:**      NON-RECORD

Classification: UNCLASSIFIED
=========================================================

Thank you!!

---

**From:** THOMAS, CURTIS J. (OTD) (FBI)
**Sent:** Tuesday, February 06, 2018 6:03 AM
**To:** ALVAREZ, BETH F. (SF) (FBI) <BFALVAREZ@fbi.sgov.gov>
**Subject:** RE: One more question --- UNCLASSIFIED

Classification: UNCLASSIFIED
=========================================================

We should be able to at least attempt to break to password on this device.  Be aware that there is a possibility that the device has an encryption type that will slow the password brute force to 10-15 per password guess.  You can't look at anything on the device to determine this.  We have to connect it here and try to download it to find this out.  You can go ahead and ship it in per the instructions here: https://go.fbinet.fbi/STB/OTD/TODB/DFAS/EDAU/Pages/default.aspx

Curtis Thomas
Electronic Device Analysis Unit
Operational Technology Division
Desk: 703-985-1182
S5: 202-409-2594

For Mobile Device Questions Email: **HQ-DIV18-MOBILE-FORENSICS-HELP**

---

**From:** ALVAREZ, BETH F. (SF) (FBI)
**Sent:** Monday, February 05, 2018 6:22 PM
**To:** THOMAS, CURTIS J. (OTD) (FBI) <CTHOMAS@fbi.sgov.gov>
**Subject:** RE: One more question --- UNCLASSIFIED

Classification: UNCLASSIFIED
=========================================================

Hi Curtis – it is looking like this defendant is going to go to trial (although we don't have a trial date yet). He has court tomorrow. I can get a new search warrant (really just an updated version of the old one) – would you let me send in the

1

CONERLY-000517

phone before we get an actual trial date? I am attaching my Mobile Device Unlock Request since it has been a while since we talked about this. Thank you very much.

<< File: MobileDeviceUnlockServiceRequestSubmitted.PNG >>

**From:** THOMAS, CURTIS J. (OTD) (FBI)
**Sent:** Wednesday, January 03, 2018 12:08 PM
**To:** ALVAREZ, BETH F. (SF) (FBI) <BFALVAREZ@fbi.sgov.gov>
**Subject:** RE: One more question --- UNCLASSIFIED

Classification: UNCLASSIFIED
====================================================

That's up to your local AUSA. Most of the time, we are able to consider the initial triage of the device that determined it was locked and/or the process to determine the iOS version and serial numbers as the start of the search, and, so as long as the warrant doesn't specifically say you have to be finished by a certain date, most jurisdictions are okay with that. Unfortunately, California and the Ninth Circuit aren't most jurisdictions. You should definitely run it by the AUSA who will be introducing this evidence or some other OGC person in your office. If you need us to coordinate with you to get this started or looked at in a specific window, we can work with you on it.

Curtis Thomas
Electronic Device Analysis Unit
Operational Technology Division
Desk: 703-985-1182
S5: 202-409-2594

For Mobile Device Questions Email: **HQ-DIV18-MOBILE-FORENSICS-HELP**

**From:** ALVAREZ, BETH F. (SF) (FBI)
**Sent:** Wednesday, January 03, 2018 12:52 PM
**To:** THOMAS, CURTIS J. (OTD) (FBI) <CTHOMAS@fbi.sgov.gov>
**Subject:** One more question --- UNCLASSIFIED

Classification: UNCLASSIFIED
====================================================

Hi Curtis, thanks for taking the time to talk to me this morning regarding my Mobile Device Unlock Request. After we hung up I thought of another question – I imagine I will need to get an updated warrant for this iPhone since the one I have now was only good for two weeks. Is that right? Thanks, Beth
====================================================
Classification: UNCLASSIFIED

====================================================
Classification: UNCLASSIFIED

====================================================
Classification: UNCLASSIFIED

2

# EXHIBIT F

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR
## CELLULAR TELEPHONE SEARCH WARRANT

I, Beth Alvarez, being duly sworn, state as follows:

### I.    AGENT BACKGROUND

1.    I have been a Special Agent with the Federal Bureau of Investigation (FBI) since November 2002. I am assigned to the Oakland Resident Agency of the San Francisco field office.

2.    I am a graduate of the FBI Academy in Quantico, Virginia. As part of my training to become a Special Agent, I received approximately 16 weeks of instruction at the FBI Academy. Since graduating from the Academy, I have received further training in Federal and California laws and investigative techniques relating to wire, electronic, and physical surveillance; criminal street gangs; and criminal enterprises.

3.    As an FBI Special Agent, I have conducted and participated in investigations of firearms-related offenses, bank robbery, extortion, art theft, and fugitives. During these investigations, I have utilized or participated in investigations that utilized various types of investigative techniques, including electronic surveillance pursuant to court-authorized wiretaps, undercover agents and informants, controlled purchases of firearms and narcotics from suspects, physical surveillance, consensual recording, investigative interviews, mail covers, garbage searches, GPS tracking devices, pole-mounted cameras, and the service of Grand Jury subpoenas. I have participated in the execution of numerous state and federal arrest warrants and search warrants.

### II.    PURPOSE OF THE AFFIDAVIT

4.    I respectfully submit this Affidavit pursuant to Rule 41 of the Federal Rules of Criminal Procedure in support of a search and seizure warrant to seize and search one cellular telephone (hereinafter "Subject Telephone") collected from David Conerly in connection with his arrest on November 2, 2017. The Subject Telephone is an Apple iPhone Model A1661, FCC ID BCG-E3087A, IC: 579C-E3087A. The Subject Telephone is described in Attachment A, which is incorporated by reference herein.

5.    The Subject Telephone is presently stored at the FBI Evidence Control Unit in Oakland, California, which is located in the Northern District of California. As set forth herein, there is probable cause to believe that in the Subject Telephone there exists evidence of violations of 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm and Ammunition).

6.    On December 13, 2017, the Honorable Kandis A. Westmore, United States Magistrate Judge, previously signed a warrant authorizing the search of the Subject Telephone (No. 4-17-71654 KAW). However, the Subject Telephone was password-protected, and the FBI was not able to circumvent the password-protection software. Therefore, I was unable to image

or search the Subject Telephone during my attempt to execute the prior search warrant. I was only able to determine basic identifying information regarding the Subject Telephone, such as the operating system and serial number.

7.      Since the attempted search of the Subject Telephone, I have learned that the FBI may now have software to enable agents to execute a search of the Subject Telephone. Specifically, I consulted with the FBI Laboratory's Science and Technology Branch, Digital Forensics & Analysis Section, Electronic Device Analysis Unit, and learned that the Electronic Device Analysis Unit may be able to bypass the password and image the Subject Telephone. I also may have learned the password for the Subject Telephone. Therefore, I now submit this Affidavit in support of another warrant to search the Subject Telephone.

8.      The facts stated in this Affidavit are based on my personal knowledge, on my review of reports prepared by other law enforcement officers and records prepared by others, and on conversations I have had with other law enforcement officers involved in this investigation. Because this Affidavit is made for the limited purpose of obtaining a search warrant for the Subject Telephone, I have not set forth each and every fact learned during the course of this investigation. Rather, I have set forth only those facts that I believe are sufficient to establish probable cause for the search warrant sought herein. Unless otherwise indicated, where actions, conversations, and statements of others are related herein, they are related in substance and in part.

9.      The facts set forth below that establish probable cause are the same facts that were included in the Affidavit in support of the previous search warrant, referenced above.

## III.      PROBABLE CAUSE EXISTS TO BELIEVE THE SUBJECT TELEPHONE CONTAINS EVIDENCE OF A CRIME.

10.      According to investigative reports, on November 2, 2017, officers of the Berkeley Police Department responded to a 911 call in which a woman reported that her ex-boyfriend, whom she identified as David Conerly, came to her residence in an intoxicated state. She feared for her safety and grabbed a baseball bat she kept near the front door. Conerly took the bat from her and threw it at her, striking her in the leg. Conerly left when she told him she was calling the police. She provided officers with his general physical description and told them what he was wearing: a black beanie hat, a black jacket, and dark pants. This description was broadcasted to patrol officers.

11.      An officer saw a man walking near the area of the victim's house and observed that he had on similar clothing and was similar in appearance to the previously broadcasted description. The officer rolled down the window of his patrol car and yelled words to the effect of, "David, stop." Conerly ran away from the officer, jumping over a short fence between two houses. Approximately 15 feet behind that fence was a taller chain link gate, which he tried to climb. The pursuing officer grabbed Conerly's jacket and pulled him off the gate and arrested him after a brief struggle. An unloaded .40-caliber Glock (serial number HUL232) with an extended magazine was found in front of the gate Conerly had tried to climb.