UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>DAVID CONERLY,<br><br>  Defendant. | Case No. 17-cr-00578-JSW-1<br><br>**ORDER TO SHOW CAUSE AND INSTRUCTIONS TO CLERK**<br><br>Re: Dkt. No. 124 |

On June 19, 2018, David Conerly pled guilty to one count of felon in possession of firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). On November 20, 2018, the Court sentenced Conerly to a term of imprisonment of 108 months. On November 27, 2018, Conerly appealed his sentence. On January 14, 2020, the United States Court of Appeals for the Ninth Circuit affirmed.

On January 3, 2022, Conerly, acting *pro se*, filed a motion to vacate his sentence under 28 U.S.C. § 2255.[1] Mr. Conerly seeks to vacate his sentence on the grounds of ineffective assistance of counsel. This claim appears colorable under 28 U.S.C. § 2255 and merits an answer from the Government.

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

---

[1] Mr. Conerly's motion includes as exhibits transcripts that have been maintained under seal. The Court has directed that the document be sealed pending further order of the Court.

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255.

Thus, a hearing is required "whenever the record does not affirmatively manifest the factual or legal invalidity of the [movant's] claims." *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982) (citation omitted). "A hearing must be granted unless the movant's allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984) (citations omitted). Liberally construed, Conerly's claims appear potentially colorable under Section 2255 and merit an answer from the Government.

Accordingly, the Court HEREBY ORDERS:

1. The Clerk shall serve a copy of this order and the motion and all attachments thereto upon the Office of the United States Attorney. The Clerk shall also serve a copy of this order on Conerly.

2. Respondent shall file with the Court and serve Conerly, within 60 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2255 Proceedings, showing cause why the Court should not "vacate, set aside or correct the sentence" being served by Conerly.

3. If Conerly wishes to respond to the answer, he shall do so by filing a reply with Court and serving it on within 30 days of his receipt of the answer.

4. If either party believes an evidentiary hearing is necessary, they should include a request for an evidentiary hearing in their answer or reply.

**IT IS SO ORDERED.**

Dated: January 10, 2022

_____
JEFFREY S. WHITE
United States District Judge